REINHARDT, Circuit Judge,
concurring in part and dissenting in part.
I join the court’s decision except for the part holding that Wright’s confession was *558 voluntary. There is no question that Wright was promised that he would not be arrested no matter what he said during his interrogation. Whether this meant that he would not be prosecuted is a matter we need not decide. Either way the promise was such as would invalidate Wright’s confession if it was the cause of his confessing. To the extent that the district court assessed Wright’s credibility, it rejected his testimony in all respects. It made no exception for his statement that he thought he was going to be taken away regardless of what he said. Because the district court made no express finding on that point, its factual findings, or lack of factual findings, as to the effect of the government’s unlawful promise on Wright render it impossible to conclude that the government carried its burden to prove by a preponderance of the evidence that Wright’s statement was voluntary. See United States v. Williams, 435 F.3d 1148, 1153 n. 5 (9th Cir.2006) (“The government must prove voluntariness by a preponderance of the evidence.” (citing Lego v. Twomey, 404 U.S. 477, 489, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972))). At a minimum, we should remand for the district court to make additional factual findings.[1] Preferably, however, we should simply do our job as a court of appeals and reverse the district court’s judgment because it was wrong.

. The majority says that the district court relied on Wright’s testimony regarding his state of mind in finding that his will was not overborne. This conclusion is in no manner justified by what the district court stated. The district court said nothing whatsoever about whether Wright’s will was overborne and indeed did not even appear to find that the promise was unlawful. The best that can be said for the district court’s findings is that they are totally inadequate.